IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL KELLY**, <br><br> Plaintiff, <br><br> v. <br><br> **THE BOEING COMPLANY**, <br><br> Defendant. | Case No. 3:18-cv-659-SI <br><br> **OPINION AND ORDER** |

Daniel J. Snyder, Carl L. Post, and John D. Burgess, LAW OFFICES OF DANIEL SNYDER, 1000 SW Broadway, Suite 2400, Portland, OR 97205. Of Attorneys for Plaintiff.

James M. Barrett, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC, The KOIN Center, 222 SW Columbia Street, Suite 1500, Portland, OR 97201; Robert Jon Hendricks, Joseph R. Lewis, MORGAN, LEWIS & BOCKIUS, LLP, One Market, Spear Street Tower, San Francisco, CA 94105. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Before the Court are two discovery motions that should not have needed to be filed. If both sides took seriously their obligations under Rule 1 of the Federal Rules of Civil Procedure,[1] Local Rule ("LR") 83-8(a),[2] and this Court's Statement of Professionalism with which every

---

[1] "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added).

[2] "Counsel must cooperate with each other, consistent with the interests of their clients, in all phases of the litigation process and be courteous in their dealings with each other, *including*

PAGE 1 – OPINION AND ORDER

attorney admitted to general or special practice in the District of Oregon must comply pursuant to LR 83-7(a),³ the two disputes that now require resolution by the Court would have been solved by the parties themselves or would not have arisen in the first place.⁴

The first motion is Plaintiff's Discovery Motion for Leave to Take More than Ten Depositions. For the reasons that follow, that motion is denied without prejudice and with leave to renew if and when appropriate. The second motion is Plaintiff's Motion for Protective Order, seeking to prevent the deposition of a third-party witness that Defendant's counsel scheduled at a time when Plaintiff's counsel is unavailable. For the reasons that follow, that motion is granted.

## BACKGROUND

From February 2011 through January 2017, Kelly worked for Boeing as a milling machine operator in Boeing's facility in Portland, Oregon. Kelly previously worked for Boeing from approximately 1984 through 1994. During the entire time that Kelly worked for Boeing, he suffered from both celiac disease and chronic gout. On January 12, 2017, Boeing terminated Kelly's employment. Kelly alleges unlawful discrimination and retaliation in violation of Title I of the American's with Disabilities Act ("ADA"); unlawful interference, discrimination, and retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA"); similar claims

---

*matters relating to scheduling and timing of various discovery procedures.*" LR 83-8(a) (emphasis added).

³ As adopted by the United States District Court for the District of Oregon, the Statement of Professionalism provides, in relevant part: "We will avoid unjust and improper criticism and personal attacks on opponents, judges, and others and will refrain from asserting untenable positions"; "We will not use delaying tactics"; and "We believe lawyers should solve problems, not create or exacerbate them." *See* LR 83-7(a).

⁴ At this time, the Court expresses no opinion on whether the pending difficulties were caused more by Plaintiff's counsel, Defendant's counsel, or both equally. The Court notes, however, the wisdom in the saying, "It takes two to tango."

under the Oregon Rehabilitation Act and the Oregon Family Leave Act; common law wrongful discharge; and common law intentional infliction of emotional distress. Kelly seeks economic and non-economic compensatory damages, statutory liquidated damages, injunctive relief, and attorney's fees.

## DISCUSSION

**A. Plaintiff's Motion for Leave to Take More than Ten Depositions**

Rule 30 of the Federal Rules of Civil Procedure provides that a party may not take more than ten depositions absent stipulation by all parties or leave of court. Fed. R. Civ. P. 30(a)(2)(A)(i). When considering a party's request for leave to take more than ten depositions, the Court "must grant leave *to the extent consistent with Rule 26(b)(1) and (2)*." Fed. R. Civ. P. 30(a)(2) (emphasis added). "Rule 30 is designed to reduce litigation costs and delay of discovery by setting a limit on the number of depositions, which is one of the more expensive forms of discovery." *In re At Home Corp.*, 2005 WL 289976, at *3 (N.D. Cal. Feb. 4, 2005). As explained by United States District Judge Phyllis Hamilton:

> Under Rule 26(b)(2) the Court will consider whether: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. *See Smith v. Ardew Wood Products, Ltd.*, 2008 WL 4837216 (W.D. Wash., Nov.6, 2008).
>
> ***A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery***. Bell v. Fowler, 99 F.3d 262, 271 (8th Cir. 1996); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D.Minn.1999). To that end, courts will generally not grant leave to expand the number of depositions

> until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2).
>
> Moreover, in the court's view, **Rule 30(a)(2) contemplates that a party has already taken at least some of its ten depositions before a motion is filed seeking leave of court for a proposed deposition that would result in more than ten depositions** being taken under this rule. *See Archer Daniels*, 187 F.R.D. at 586 (a party should appropriately exhaust its current quota of depositions, in order to make an informed request for an opportunity to depose more witnesses, before seeking leave to depose a legion of others).

*Authentec, Inc. v. Atrua Techs., Inc.*, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008) (emphasis added).

In its initial disclosures provided under Rule 26(a), Defendant originally identified 19 witnesses, not including Plaintiff. From that list, Plaintiff requested 16 depositions. On October 23, 2018, Defendant supplemented its disclosures and added five additional witnesses, for a total of 24, not including Plaintiff. According to Plaintiff's counsel, Defendant's counsel refused to schedule any depositions of its witnesses unless Plaintiff limited to ten the total number of depositions that Plaintiff sought. *See* ECF 18-1 at 19. Plaintiff reduced the number of requested depositions from 16 to 14 and urged Defendant's counsel to reconsider Defendant's position. *Id*. at 20. Defendant's counsel then agreed to schedule the depositions of *five* persons who are all currently employed by Defendant. Defendant's counsel, however, declined to schedule any depositions of former employees, non-employees, or union members who are not agents of Defendant. *Id*. at 21.

Defendant opposes Plaintiff's motion for leave to take more than ten depositions. Defendant argues that Plaintiff has not made the required "particularized showing" of why the requested discovery is necessary. Defendant further argues that the requested depositions would be cumulative and duplicative. Defendant adds that the additional discovery is not proportional

to the needs of the case. Finally, Defendant asserts that it is premature for Plaintiff to seek leave to take more than 10 depositions, before the Plaintiff has taken any.

Defendant's initial position that it would not schedule *any* depositions unless Plaintiff agreed to limit his total number of depositions to 10 was unreasonable, unprofessional, and unsupported by any federal rule or other authority. Defendant, however, is no longer maintaining that position. Accordingly, Plaintiff may take 10 depositions at times and places that are mutually agreeable to the parties.

Plaintiff, however, has not met his burden of making "a particularized showing of the need for the additional discovery" requested in his motion. *See Authentec, Inc.*, 2008 WL 5120767, at *1. Although Plaintiff is not required to exhaust his 10-deposition limit before attempting to make a particularized showing, Plaintiff has not yet made any showing other than simply to present Defendant's initial disclosures listing 24 people, not including Plaintiff, who may have relevant knowledge. More detail is needed from Plaintiff before the Court can fulfill its duty of ensuring that the additional depositions sought by Plaintiff are consistent with Rule 26(b)(1) and (2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(a)(2). Plaintiff's motion for leave to take more than ten depositions is denied without prejudice and with leave to renew if and when appropriate.

**B.  Plaintiff's Motion for Protective Order**

On November 12, 2018, Plaintiff's counsel wrote to Defendant's counsel requesting to take the depositions of 14 people identified in Defendant's initial disclosures as "persons likely to have discoverable information." ECF 18-1 at 19; *see also id*. at 6. This list included the name "Michael Lockman," a former Boing employee. *Id.* at 7. According to Defendant's initial disclosures,

> Lockman has personal knowledge of telephonic communications
> with Ms. Scroggins and Mr. Edge on January 12, 2017, each of
> whom administered a urinalysis to Plaintiff on January 12, 2017.
> Lockman also has personal knowledge of the reasons for Plaintiff's
> termination, which include violation of Boeing's drug and alcohol
> testing procedures and policies. Lockman also has personal
> knowledge of his telecommunications with Carolyn Muir on the
> day in question and the instructions he gave her. Last Known
> Home Phone: *   *   * Last Known Home Address: *   *   *,
> Seattle, Washington 98119. Present or Last Known Place of
> Employment: Unknown. Lockman does not have a current
> relationship with Defendant.

*Id*. Two days later, on November 14, 2018, Defendant's counsel wrote back, decling to schedule any deposition of former employees, non-employees, or union members who are not agents of Defendant. *Id*. at 21.

Even though Defendant declined to schedule the deposition of former employee Lockman as requested by Plaintiff, it appears that Defendant now wants to depose Mr. Lockman. On January 9, 2019, Defendant's counsel sent to Plaintiff's counsel a Notice of Deposition and Subpoena to Testify relating to Mr. Lockman, noticing his deposition by Defendant for January 23, 2019, at 1:00 p.m. ECF 23-1. That same day, Plaintiff's counsel promptly wrote back to Defendant's counsel, explaining that Plaintiff's counsel is not available for the Lockman deposition on January 23, 2019, but offering that he was available the following day, January 24, 2019, as well as during the week of February 11, 2019. ECF 23-2. On January 14, 2019, Plaintiff's counsel sent an email to Defendant's counsel stating that January 24th was no longer available. ECG 23-3. When Defendant refused to reschedule the deposition of Mr. Lockman, Plaintiff filed his motion for protective order on January 18, 2019, requesting expedited consideration. ECF 22. Defendant responded on January 21, 2019. ECF 25.

Among other things, Defendant argues that Plaintiff's motion for protective order is procedurally defective because Plaintiff's counsel failed to certify that he conferred with

PAGE 6 – OPINION AND ORDER

Mr. Lockman as an "affected party." Defendant's counsel, however, also reports that Mr. Lockman never responded to calls from Defendant's counsel. ECF 25 at 3. The Court declines to find Plaintiff's motion procedurally defective.

Defendant also argues that Defendant's counsel "has agreed to stipulate to use of Mr. Lockman's prior testimony sworn testimony during Plaintiff's April 2017 Unemployment Hearing, when Mr. Snyder cross examined the witness before Administrative Law Judge, Kirsten Murdoch." *Id.* at 10. Apparently, that stipulation is not acceptable to Plaintiff. The offered stipulation, however, is not a legally sufficient basis to reject Plaintiff's request to reschedule Mr. Lockman's deposition for a date and time when Plaintiff's counsel would be available.

It is common professional courtesy to schedule depositions only for when each side's counsel may be present. If one side is perceived by the other side as being unreasonable in setting a schedule, any party may request a telephone conference with the Court by contacting the Courtroom Deputy. Both sides in this lawsuit know that. Although there may have been some initial confusion about whether Plaintiff's counsel was originally available on January 23rd, by January 9th any such confusion had been eliminated: Plaintiff's counsel told Defendant's counsel he was not available (or was no longer available) on January 23rd. At that point, courteous and professional counsel would have either rescheduled the deposition or contacted the Court for guidance.

Finally, the Court notes that fact discovery is scheduled to close on January 31, 2019, and dispositive motions are due on February 28, 2019. If this schedule needs to be adjusted to accommodate the apparent desire of both sides to depose Mr. Lockman, the Court will approve that request. Plaintiff's motion for protective order is granted, and the deposition of Mr. Lockman may only be taken at a date and time mutually acceptable to Plaintiff's counsel,

PAGE 7 – OPINION AND ORDER

Defendant's counsel, and Mr. Lockman, unless otherwise ordered by this Court or a Court in the jurisdiction where Mr. Lockman lives or works.

## CONCLUSION

Plaintiff's Discovery Motion for Leave to Take More than Ten Depositions (ECF 17) is DENIED without prejudice and with leave to renew if and when appropriate. Plaintiff's Motion for Protective Order (ECF 22) is GRANTED.

**IT IS SO ORDERED**.

DATED this 22nd day of January, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
